IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IRVING HENDERSON JONES,
  Plaintiff,

v.  CIVIL ACTION NO. PWG-14-2299

TROOPER MAZET, *et al.*,
  Defendants.

******

## MEMORANDUM AND ORDER

Plaintiff brings this self-represented action against Maryland State Trooper Mazet, Assistant Public Defender Wesley Moore, and the Warden of the Wicomico County Detention Center George Kaloroumakis. Am. Compl., ECF No. 4. Plaintiff also filed supplemental exhibits. ECF No. 3. Plaintiff appears to be indigent and his Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, shall be granted. Upon review of the Amended Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e).

On June 19, 2014, Plaintiff was a passenger in a vehicle that Trooper Mazet stopped in Salisbury, Maryland. Am. Compl. ¶ 1 & Supp. 1. Plaintiff claims that, while the front-seat passenger was in possession of illegal drugs at the time of the stop, Plaintiff did not possess any drugs. Am. Compl. ¶ 6. He states that he was arrested and explained the circumstances to his court-appointed attorney, Wesley Moore, but Moore "refused to listen to plaintiff" and "refused to withdraw as plaintiff's attorney." *Id.* ¶ 7. According to Plaintiff, this arrest led to his false imprisonment by Warden Kaloroumakis. *Id.*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 &

nn.6-8 (1994). In other words, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id.* Plaintiff is awaiting trial on the charges arising from the incident,[1] such that he has not been convicted or sentenced yet. Therefore his § 1983 damages claim regarding his arrest and detention must be dismissed.[2]

Additionally, two elements are essential to sustain an action under 42 U.S.C. § 1983. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Assistant Public Defender Wesley Moore, a state public defender, was acting under color of law, the claims against him shall be dismissed. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. *See Deas v. Potts,* 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen,* 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson,* 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender). *See also Vermont v. Brillon,* 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

Accordingly, it is this 6th day of October, 2014, by the United States District Court for the District of Maryland, hereby ORDERED that:

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/.

[2] To the extent Plaintiff claims that there were constitutional deficiencies in his state court criminal proceedings, he is free to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

2

1. Plaintiff is provisionally GRANTED leave to proceed in forma pauperis;
2. The complaint is DISMISSED WITHOUT PREJUDICE;
3. The Clerk shall MAIL a copy of this Memorandum and Order to Plaintiff; and
4. The Clerk shall CLOSE the case.

10 06 2014
Date

_____
Paul W. Grimm
United States District Judge